IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2025

**In Re: Isaiah M.**

**Appeal from the Chancery Court for Washington County**
**No. 24-AD-0225      Suzanne Cook, Judge**

_____

**No. E2025-01691-COA-T10B-CV**
_____

The trial court denied Appellant's seventh and eighth motions to recuse. Appellant filed this interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B. Discerning no error, we affirm.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

A.M., Tennessee, appellant, *pro se*.

Sandy Phillips, Johnson City, Tennessee, for the appellees, K.M. and B.M.

**MEMORANDUM OPINION[1]**

**I. BACKGROUND**

This is a termination of parental rights case. On October 28, 2025, the Washington County Chancery Court ("the trial court") denied Appellant A.M.'s[2] seventh and eighth

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In cases involving the potential termination of parental rights, it is the policy of this Court to abbreviate

motions to recuse. On the same day, A.M. filed a notice of interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B ("Rule 10B"). In our recent opinion affirming the trial court's orders denying A.M.'s fifth and sixth motions to recuse, we discussed the background facts and long procedural history of this case, and it is unnecessary to repeat that discussion here. *See In Re Isaiah M.*, No. E2025-01509-COA-T10B-CV, 2025 WL ----- (Tenn. Ct. App. Nov.   2025). Rather, we briefly summarize the events precipitating the current appeal.

A.M. and Appellee B.M. were divorced in March 2019. At the time of the divorce, A.M. and B.M. had one minor child (born in 2017). In March 2024, B.M. and his current wife ("Stepmother"; together, "Appellees") filed a petition in the trial court to terminate A.M.'s parental rights and for adoption by Stepmother ("the termination action"). In August 2024, A.M. filed a notice of removal to the United States District Court for the Eastern District of Tennessee ("the Tennessee district court"). On May 21, 2025, the Tennessee district court remanded the case to the trial court for lack of jurisdiction under 28 U.S.C. § 1446 ("the federal removal statute"). A.M. filed a notice of appeal to the Court of Appeals for the Sixth Circuit. On July 31, 2025, the Sixth Circuit dismissed her appeal for failure to prosecute. A.M. moved the Sixth Circuit to reinstate her appeal, and the Sixth Circuit denied her motion on September 22, 2025. Proceedings continued in the trial court, and, in July 2025, A.M. filed a notice of removal of the case to the United States District Court for the Southern District of Texas ("the Texas district court"). By order entered October 7, 2025, the Texas district court remanded the matter to the trial court effective October 6.

In the meantime, proceedings continued in the trial court, and, on September 16, the trial court reset the case to be tried on December 2, 2025. On September 26, 2025 – 18 months after Appellees filed their petition – A.M. filed a motion to quash service. In her notice styled: "limited appearance and motion to quash purported service, vacate any resulting deadlines or defaults, and to direct proper service (Tenn. R. Civ. P. 4 & 12.02(4)-(5))," A.M. asserted that she resided in Texas and was not properly served in March 2024. On the same day, A.M. also filed a "declaration of change of address" to a post office box in Austin, Texas. On September 27, A.M. filed her sixth motion to recuse the trial court judge. The trial judge denied the motion by order entered October 29, 2025. A.M. appealed pursuant to Rule 10B, and we affirmed the trial court's judgment. *In Re Isaiah M.*, 2025 WL at *

On October 6, while her sixth recusal motion was pending in the trial court, A.M. filed a "NOTICE OF JURISDICTIONAL VOIDNESS AFTER REMOVAL, NOTICE THAT THE DECEMBER 2, 2025 SETTING IS A NULLITY, AND NOTICE OF JUDICIAL DISQUALIFICATION." In her notice, A.M. asserted that, under the federal

---

the full names of the children and other parties to protect their identities.

removal statute, orders entered by the trial court after A.M. filed her July 2 notice of removal were void. She argued that the Texas district court's order of remand was stamped "filed' in the trial court on October 14 and asserted that the trial court was without jurisdiction to act "absent a docketed certified remand." A.M. informed the trial court that she would not "appear on a void setting" on December 2.

By order entered October 14, 2025, the trial court denied A.M.'s motion to quash for lack of service. On the same day, A.M. filed her seventh motion to recuse and asserted that the trial judge had acted in violation of the removal statutes and had engaged in "off-record communications." On October 26, A.M. filed her eighth motion to recuse on the basis that the trial judge's May 2024 appointment of the guardian ad litem ("GAL") resulted from a conspiracy. By order entered October 28, the trial court denied both recusal motions as repetitive and untimely and stated that the matter remained set for trial on December 2. A.M. filed her Rule 10B appeal in this Court on the same day.[3]

## II. ISSUE PRESENTED

The only issue that we may review in a Rule 10B appeal is whether the trial court erred in denying the appellant's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Under Rule 10B, "we may not review the correctness or merits of the trial court's other rulings." *Id.*

## III. STANDARD OF REVIEW

Appellate review of a trial court's ruling on a motion to recuse is *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. Accordingly, we examine the record anew and review the trial court's conclusions with no presumption of correctness. *Elseroad v. Cook*, 553 S.W.3d 460, 463 (Tenn. Ct. App. 2018).

---

[3] Appellees have not filed an answer to A.M.'s Rule 10B petition. Under Rule 10B §2.05:

> If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court, or may remand to the trial court for the taking of proof and making further findings on matters designated by the appellate court.

We have determined that no answer from Appellees is necessary to our review.

# IV. ANALYSIS

## 1. Seventh Motion to Recuse

In her Rule 10B appellate petition, A.M. asserts that, under the federal removal statute, the trial court was without jurisdiction to take any action in the case in the interim periods following her notices of removal to federal court on August 6, 2024, and July 2, 2025. She asserts that the trial court did not regain jurisdiction until the district courts' certified orders remanding the case were stamp-filed in the trial court on May 28, 2025, and 1:15 p.m. on October 14, 2025, respectively. A.M. states in her petition that her "Rule 10B motion seeks vacatur of the May 22, May 27, and Oct. 14 orders as void for being entered while removal remained in effect (i.e., before filing of the certified remand)[.]" She requested an "immediate Rule 10B stay[,]" which we denied. A.M. also argues that she was not properly served with Appellees' March 2024 petition to terminate her parental rights. She contends:

> USPS records reflect a delivery marked "left with individual" on March 25, 2024, 1:06 p.m. at a Hercules, California address that is not her residence; she did not sign any receipt. She made a limited appearance and moved to quash/direct proper service under Tenn. R. Civ. P. 4 and 12.02(4)-(5), maintaining that actual notice is not a substitute for valid service and that substitute service requires proof of evasion, which is absent.

A.M. asserts:

> The above jurisdictional violations were not isolated blunders but part of a pattern of the court repeatedly exercising authority it did not lawfully possess. This pattern itself amplifies the appearance of bias.

She further argues:

> The trial judge's rulings during the removal periods were not merely erroneous – they were void ab initio for lack of jurisdiction, a flaw so fundamental that it falls outside the protection of the "adverse rulings" rule. Moreover, they consistently advanced one side's position. Taken together, the May and October incidents reveal a judge who repeatedly disregarded basic law to move the case forward in state court, to the detriment of the removing party.

A.M. relies on *Howard v. Howard*, No. E2024-00897-COA-T10B-CV, 2024 WL 3493406 (Tenn. Ct. App. July 22, 2024), for the proposition that the trial judge's "repeated misapplication of fundamental, rudimentary legal principles" warrants recusal. However, as in *Howard*, A.M. has failed to demonstrate that the challenged rulings result in the

- 4 -

misapplication of fundamental legal principles such that recusal of the trial judge is warranted. *See Howard v. Howard*, No. E2024-00897-COA-T10B-CV, 2024 WL 3493406, at *5 (Tenn. Ct. App. July 22, 2024). First, A.M.'s assertion that the trial court's May 22, May 27, and October 14 orders are void for lack of jurisdiction is merely that – an assertion. There is no dispute that the orders were entered after the orders remanding the case were entered by the respective federal courts.[4]

Further, the trial court's May 22, May 27, and October 14 orders do not demonstrate bias against A.M. The court's May 22 order merely provided A.M. the opportunity to complete an Affidavit of Indigency "should she desire to do so[.]" The court's May 27 order simply reset the matter to be tried on July 18. We also observe that A.M. filed five motions to recuse between June 3, 2025, and October 14, 2025. Rule 10B requires a party seeking recusal of the judge to file a written motion "*promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.*" Tenn. Sup. Ct. R. 10B § 1.01 (emphasis added); *In Re Isaiah M.*, 2025 WL ….at*…. Any assertion of bias based on the trial court's May orders is untimely.

Turning to the trial court's October 14 order, from our review of the record, we observe that A.M. filed her motion to quash for lack of service on September 26, 2025 – 18 months after Appellees filed their petition and one day before A.M. filed her sixth motion to recuse. As A.M. asserts, the trial court's October 14 order denying her motion was stamp-filed approximately two hours before the trial court clerk stamp-filed the Texas district court's order of remand. By order of the Texas district court, remand to the trial court became effective on October 6. Additionally, on October 6, A.M. filed a motion for leave to file a supplemental brief in this Court and notified the Court that the Texas district court had remanded the case to the trial court. Further, we note that, in her motion to quash, A.M. asserted that she was a Texas resident and was not properly served in California. However, as the trial court observed, A.M. recited a California address in filings throughout the course of litigation, including as late as September 25, 2025. Moreover, in its October 14 order, the trial court reviewed the well-settled applicable case law and Rules of Civil Procedure and determined that A.M. waived any objection based on allegations of insufficient service by actively participating in these proceedings in the trial court and two federal courts. Whether the trial court erred in this determination is not before us. Additionally,

> A trial judge's adverse rulings, "'even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Adams v. Dunavant*, 674 S.W.3d 871, 879 (Tenn. 2023) (quoting *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). Further, a judge's adverse rulings in a prior proceeding do not provide a basis for recusal. *Id*

---

[4] We emphasize that the jurisdictional provisions of the federal removal statutes are not before us.

*In Re Isaiah M.*, 2025 WL…..at*….. Even assuming, *ad arguendo*, that the trial court erred in its ruling, the court's October 14 order was based on the court's analysis of the facts of this case and the applicable legal principles and case law. The order does not suggest bias.

In her seventh recusal motion, A.M. also asserted:

. . . the day after [A.M.] moved the Court of Appeals to stay all proceedings during a Rule 10B appeal, the trial court denied [A.M.'s] service-related motion on the morning of the certified remand's filing, creating a strong appearance of retaliation and bias. On information and belief, the Court also received ex parte communications from [Appellees'] counsel regarding [A.M.'s] stay motion.

Upon review of A.M.'s filings, we find no evidence of *ex parte* communication between the trial judge and Appellees' counsel. We also note that the trial judge has adjudicated A.M.'s many motions as expeditiously as possible as required by Tennessee Code Annotated § 36-1-124. *See In Re Isaiah M.*, 2025 WL at *… (Tennessee "statutes require the trial courts and the appellate courts to expedite and prioritize termination of parental rights cases."). There is no suggestion of anything untoward in the timing of the trial court's October 14 order. We affirm the trial court's order denying A.M.'s seventh motion to recuse.

### 2. Eighth Motion to Recuse

In her October 16, 2025, eighth motion to recuse, A.M. asserted that the trial court's May 3, 2024, order appointing the GAL suggested conspiracy or collusion and demonstrated bias. In its October 28 order, the trial court found that A.M.'s eighth recusal motion was untimely under Rule 10B. For the reasons discussed above with respect to the trial court's May 22 and May 27 orders, we agree. We affirm the trial court's order denying A.M.'s eighth motion to recuse.

In closing, we address A.M.'s arguments on appeal that 1) the combined rulings of the trial court throughout this case demonstrate bias warranting recusal and 2) the court's "label[ing] [of] the eighth motion [as] "repetitive" and "improper[]"" demonstrates bias. Turning first to whether the combined rulings of the trial court demonstrate bias, we reiterate:

"If the bias is alleged to stem from events occur[r]ing in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 552 (Tenn. Ct. App. 2017) (quoting *Runyon v. Runyon*, No.

W2013-02651-COA-T10B-CV, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014)).

*Cooper v. Cooper*, 704 S.W.3d 784, 799–800 (Tenn. Ct. App. 2024), *appeal denied* (Nov. 14, 2024)). Additionally, we have observed that only "*in rare situations*[]" will "'the cumulative effect of the 'repeated misapplication of fundamental, rudimentary legal principles that favor[ ] [one party] substantively and procedurally' . . . be the basis for recusal.'" *Howard*, 2024 WL 3493406, at *4 (emphasis added) (quoting *Bd. of Pro. Resp. of Sup. Ct. of Tenn. v. Slavin*, 145 S.W.3d 538, 551 (Tenn. 2004) (quoting *Krohn v. Krohn*, No. M2015-01280-COA-T10B-CV, 2015 WL 5772549, at *7 (Tenn. Ct. App. Sept. 22, 2015))). We have also recognized that a judge necessarily develops impressions of the parties – both favorable and unfavorable – during the course of litigation. *Watson v. City of Jackson*, 448 S.W.3d 919, 933 (Tenn. Ct. App. 2014). From our review of the record, we find no suggestion of bias or the misapplication of fundamental legal principles warranting recusal of the trial judge.

> We turn next to A.M.'s argument that
>
> . . . the trial court summarily labeled the eighth motion "repetitive" and "improper," refusing to give meaningful consideration to the serious issues it raised. This reaction by the trial court was itself a misapplication of the recusal procedure and reinforces the perception of bias.

In our November …. opinion, we addressed A.M.'s identical argument with respect to the trial court's order denying A.M.'s sixth motion to recuse. We stated:

> We turn next to A.M.'s assertion in her appellate petition that the trial court erred by dismissing her motions to recuse as "repetitive" or filed for an "improper purpose." As noted above, A.M.'s sixth recusal motion referenced a May 2024 order and the trial court's findings regarding service of process as demonstrative of bias.
>
> Rule 10B provides, in relevant part:
>
> > Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed *promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.*
>
> Tenn. Sup. Ct. R. 10B §1.01 (emphasis added). We observe that A.M. filed four motions to recuse between entry of the trial court's May 2024 order and this sixth motion to recuse. The trial court denied the motions, and A.M. did

- 7 -

not perfect an appeal to this Court.  Any allegation predicated on the trial court's May 2024 order was untimely and waived.

*In Re Isaiah M.*, 2025 WL … at *….

A.M. has filed numerous motions to recuse in this case.  This Court has now twice advised A.M. that 1) motions to recuse predicated on trial court orders entered prior to her previous recusal motions will be considered untimely under Rule 10B and 2) adverse or erroneous rulings alone do not establish bias.  We cannot agree that the trial court's characterization of A.M.'s seventh and eighth motions to recuse as repetitive and filed for an improper purpose to cause delay creates a perception of bias.

## V. CONCLUSION

Discerning no error, we affirm the judgment of the trial court.  This matter is remanded for further proceedings.  On remand, the trial court is directed to take all reasonable actions to expedite the hearing of Appellees' petition.  Any motions pending in this Court are denied.  Costs on appeal are assessed to the Appellant, A.M.  Because A.M. is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE